IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH J. KONIAS, Jr., | ) |
| Plaintiff, | ) |
| vs. | ) Civil No. 25-cv-963 |
| TINA WALKER, *et al.*, | ) |
| Respondents. | ) |

## MEMORANDUM ORDER

Petitioner Kenneth J. Konias, Jr.'s has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his state court judgment of sentence following his conviction for first-degree murder, robbery, and theft by unlawful taking. ECF No. 7. The case was referred to Magistrate Judge Kezia O.L. Taylor in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D. Presently before the Court is Petitioner's "Motion for Reconsideration of Stay and Request of Hearing to Allow Case to Proceed," which the Court construes as an Appeal of a Magistrate Judge Order. ECF No. 19.

On September 17, 2025, counsel for the Respondents entered his appearance and filed a Motion to Stay Petition for Writ of Habeas Corpus. ECF No. 15. In that Motion, counsel explained the details of Petitioner's current Post-Conviction Act Relief (PCRA) litigation, with the latest filing being a September 8, 2025 Court Order directing Petitioner's counsel to file a Supplemental Post Conviction Relief Act Petition within fourteen days. ECF No. 15 at ¶ 17. Respondents' counsel argued that a Stay of this case was appropriate in light of the fact that Petitioner has a PCRA petition currently pending in state court, and that his Habeas Petition

includes unexhausted claims. ECF No. 15 at ¶ 20-22 (citing *Rhines v. Weber*, 544 U.S. 269 (2005)). On September 18, 2025, the Magistrate Judge granted the request and stayed this action "pending the conclusion of Petitioner's state court proceedings." ECF No. 16 at 2.

On September 19, 2025, Petitioner filed a Motion to Lift the Stay and requested a video hearing. ECF No. 17. Petitioner argued that the stay should be lifted because "there is no bar to raising a Section 2255 motion while the appeal is pending." *DeRango v. United States*, 864 F.2d 520, 522 (7th Cir. 1988). Petitioner further argued that Federal Rule of Criminal Procedure 33 also supports lifting of the stay, because, pursuant to said Rule, there is new evidence that warrants a new trial. The Magistrate Judge denied the Motion, explaining that *DeRango* concerns the filing of a federal habeas corpus petition pursuant to 28 U.S.C. § 2255, whereas Petitioner filed a state court habeas corpus petition pursuant to 28 U.S.C. § 2254. ECF No. 18.

On September 30, 2025, Petitioner filed the instant Motion, again challenging the stay. The Court construes the Motion for Reconsideration as an Appeal of the Magistrate Judge's Order denying Petitioner's first Motion to lift the stay.[1] The Appeal, and Motion, will be denied.

---

[1] The Federal Magistrates Act, 28 U.S.C. §§ 631–639, provides two separate standards for judicial review of a magistrate judge's decision: (i) "de novo," for magistrate resolution of dispositive matters, 28 U.S.C. § 636(b)(1)(B)-(C), **accord** Fed. R. Civ. P. 72(b) (referring to "a pretrial matter dispositive of a claim or defense"), and (ii) "clearly erroneous or contrary to law," for magistrate resolution of nondispositive matters, 28 U.S.C. § 636(b)(1)(A), *accord* Fed. R. Civ. P. 72(a) (referring to "a pretrial matter not dispositive of a party's claim or defense"). Nondispositive orders will not be disturbed unless such is found to be clearly erroneous or contrary to law. A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)). "Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998).

With respect to determining whether a ruling is dispositive or non-dispositive, "courts look to the nature and effect of the issued ruling to determine whether the underlying matter should be considered dispositive or nondispositive." *Lescinsky v. Clark Cnty. Sch. Dist.*, 539 F. Supp. 3d 1121, 1125 (D. Nev. 2021) (citing *Flam v. Flam*, 788 F.3d 1043, 1046 (9th Cir. 2015)). "This approach 'permits the courts to reach commonsense decisions rather than becoming mired in a game of labels.'" *Lescinsky*, 539 F. Supp. 3d at 1125 (quoting 12 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE, § 3068.2, p. 371 (2020 supp.)). A court's determination as to whether a Magistrate Judge's Order is dispositive or non-dispositive considers matters directly related to the merits of the claims or defenses, or rulings that directly dispose of claims or defenses. Here, the Order issuing a stay is not dispositive of any claim or defense, nor does it dispose of any claim or defense. The Order permits Petitioner to seek resolution on the merits of all of his claims.

Petitioner again cites the *DeRango* case and Federal Rule of Criminal Procedure 33 as grounds for lifting the stay. Petitioner appears to argue that, because a § 2255 habeas petition *can* be filed while the petitioner's federal appeal is pending, then Petitioner in this case is permitted to file (and obtain a ruling) upon his § 2254 habeas petition.[2] He further supports his argument by apparently arguing that he is entitled to a new trial based upon newly discovered evidence, pursuant to Rule 33. Notwithstanding that the Petition cites a Federal Criminal Rule, he is not entitled to an award of a new trial based solely upon his own untested allegations.

With regard to simultaneously filing a habeas petition and a state court PCRA petition, such events are clearly permitted. The dual litigation, however, raises the concern that the Petitioner may forfeit certain unexhausted claims in federal court if he has not fully litigated such claims in state court. Thus, a stay to permit a Petitioner to pursue his state court claims is an action that favors a Petitioner by helping ensure that his claims are litigated on the merits. Further, a Petitioner may obtain partial or complete relief of his claims in state court, thereby promoting judicial efficiency while providing the state court the first opportunity to correct errors. Finally, the act of instituting a stay is not a result of the fact that Petitioner has filed a habeas and PCRA petition, but depends upon the Magistrate Judge exercising her discretion. *Rhines*, 544 U.S. 269 (federal court has discretion to stay a mixed petition to allow a habeas petitioner to return to state court in limited circumstances).

The Court finds that the Magistrate Judge's Order instituting a stay is not clearly erroneous, contrary to law, or an abuse of discretion.

Accordingly, the following Order is entered.

---

[2] While a petitioner can file a § 2255 Petition while his appeal is pending, such action does not mean the § 2255 petition will be addressed before the appellate process is complete. Absent extraordinary circumstances, a "district court should not entertain a habeas corpus petition while there is an appeal pending in [the court of appeals] or in the Supreme Court." *Kapral v. United States*, 166 F.3d 565, 570 (3d Cir. 1999).

AND NOW, this 8th day of October 2025, it is hereby ORDERED that Petitioner's "Motion for Reconsideration of Stay and Request of Hearing to Allow Case to Proceed," ECF No. 19, construed as an Appeal of the Magistrate Judge's September 8, 2025 Memorandum Order, is DENIED. Petitioner's Motion, insofar as he seeks relief in the form of lifting the stay and allowing the case to proceed, is DENIED.

                                                                          *s/Marilyn J. Horan*
                                                                          Marilyn J. Horan
                                                                          United States District Court Judge

Kenneth J. Konias, Jr.
LK-6409
SCI Fayette
48 Overlook Drive
LaBelle, PA 15450-1050